**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

_____

|  |  |  |
|---|---|---|
| Federal Trade Commission, | ) ) | |
| Plaintiff, | ) ) ) ) | **Case No. CV-13-0976** |
| v. | ) ) | **Glasser, J./Scanlon, M.J.** |
| Instant Response Systems, LLC, a limited liability company, also d/b/a Response Systems, B.B. Mercantile, Ltd., Medical Alert Industrial, and Medical Alert Services, and | ) ) ) ) ) | **Federal Trade Commission's Motion to Strike Defendant Abraham's Affirmative Defenses** |
| Jason Abraham, a/k/a Yaakov Abraham, individually and as an officer of Instant Response Systems, LLC, also d/b/a Response Systems, B.B. Mercantile, Ltd., Medical Alert Industrial, and Medical Alert Services, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

_____ )

## I.  INTRODUCTION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, plaintiff, the Federal Trade

Commission ("FTC"), moves to strike two affirmative defenses raised by defendant Jason

Abraham ("Abraham") in his answer.

The FTC brought this case under Sections 13(b) and 19 of the Federal Trade Commission

Act ("FTC Act") (15 U.S.C. §§ 53(b) and 57b), the Telemarketing and Consumer Fraud and

Abuse Prevention Act (15 U.S.C. §§ 6101-6108), and the Unordered Merchandise Statute (39

U.S.C. § 3009), to obtain temporary, preliminary, and permanent injunctive relief, rescission or

reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten

monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of

the FTC Act (15 U.S.C. § 45(a)), the FTC's Telemarketing Sales Rule ("TSR") (16 C.F.R. Part

310), and the Unordered Merchandise Statute (39 U.S.C. § 3009).

The FTC's Complaint consists of five counts alleging that Defendants, while marketing

medical alert services, violated the aforementioned statutes and rule by (I) misrepresenting that

consumers who did not order Defendants' service have in fact ordered the service, (II) making

false or misleading statements while telemarketing, (III) engaging in threats or intimidation

while telemarketing to induce or coerce payment for the service, (IV) calling phone numbers

listed on the National Do Not Call Registry, and (V) shipping unsolicited medical alert pendants

and invoices demanding payment without prior consent.

On July 24, 2013, Defendant Abraham filed his answer, which, among other things, raised

the following two affirmative defenses: (1) that one or more of the plaintiff's claims are barred

by latches [sic], and (2) that one or more of plaintiff's claims are barred by the statute of

limitations. Defendant's laches defense is legally insufficient and should be stricken for all

counts in the Complaint.  The statute of limitations defense is legally insufficient with respect to

Complaint counts I and V and should be stricken for those counts.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R.

Civ. P. 12(f).  The Rule grants a court authority to do this at any time, regardless of when or

whether a motion to strike is raised. *See Wyeth* v. *King Pharmaceuticals, Inc*. 396 F. Supp. 2d

280, 293 (E.D.N.Y. 2005); *Wine Markets Int'l, Inc*. v. *Bass*, 177 F.R.D. 128, 133 (E.D.N.Y.

1998).

Since a valid affirmative defense is one that constitutes a defense even assuming the complaint to be true, an affirmative defense that "would not, under the facts alleged, constitute a valid defense to the action can and should be deleted" if allowing it to remain might confuse the issue. *Waste Mgmt. Holdings* v. *Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).  Accordingly, in order for a plaintiff to prevail on a motion to strike for legal insufficiency, "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc.* v. *Pluess–Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) (citations omitted).

While courts are properly reluctant to strike affirmative defenses, motions to strike "serve a useful purpose in eliminating insufficient defenses and thus saving the time and expense which would otherwise be spent in litigating issues which would not effect the outcome of the case." *United States* v. *Geppert Bros., Inc.*, 638 F. Supp. 996, 998 (E.D. Pa 1986).  Affirmative defenses have thus been stricken when the allegations would cause delay, confuse issues, or result in time and money being spent to litigate irrelevant defenses.  *See SEC* v. *Sarivola*, 1996 U.S. Dist. LEXIS 7720, at *4 (S.D.N.Y. 1996).

Under this standard, Defendant Abraham's affirmative defense of laches should be stricken with respect to all counts in the Complaint, and Defendant Abraham's statute of limitations defense should be stricken with respect to Complaint counts I and V, because they are invalid as a matter of law. Their continued presence in the case will expand and delay the proceedings, and unnecessarily raise the costs and complexity of discovery and trial.

### III.    ARGUMENT

### A.  The Defense of Laches Should Be Stricken Because Laches Does Not Apply to Claims Brought By the FTC

It is well established that the defense of laches is unavailable against the Federal Trade Commission. "Laches is an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party." *D'Jamoos* v. *Griffith*, 2006 U.S. Dist. LEXIS 50757, *29 (E.D.N.Y. 2006) (citation and internal quotation marks omitted).  But "laches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest." *Utah Power & Light Co.* v. *United States,* 243 U.S. 389, 409, (1917).  Indeed, the Second Circuit has held that "laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest." *United States* v. *Angell*, 292 F.3d 333, 338 (2d Cir. 2002) (citing *United States* v. *Summerlin*, 310 U.S. 414, 416 (U.S. 1940) and *United States* v. *Arrow Transp. Co*., 658 F.2d 392, 394 (5th Cir. 1981)).

The Second Circuit has recognized just three possibilities when laches may apply against the federal government: (1) in "egregious instances of laches," (2) in cases in which there is no statute of limitations; and (3) in suits in which the government is seeking to enforce private rights. *Cayuga Indian Nation* v. *Pataki*, 413 F.3d 266, 279 (2d Cir. 2005).  In *Cayuga Indian Nation,* the Second Circuit held that laches was available against the government because the case arguably fell within all three possibilities: (1) the laches was egregious as the claim was almost 200 years old, (2) there was no statute of limitations on the claim, and (3) the federal government was acting on behalf of an Indian tribe's private right to the land at issue.

Federal Trade Commission actions such as this one, by contrast, do not involve egregious delays and the enforcement of private rights. *See FTC* v. *Crescent Publ'g Group, Inc.*, 129 F.

Supp. 2d 311, 324 (S.D.N.Y. 2001)(FTC protects a public interest). And while the statute of

limitations does not generally apply to suits brought by the FTC, that, in and of itself, is not

enough to support a laches defense, and courts in this Circuit and others routinely grant motions

to strike a laches defense when asserted against the FTC. *See id.* at 324 (motion to strike

granted because laches "'is no defense to a suit by it to enforce a public right or protect a public

interest'" (quoting *Nevada v. United States*, 463 U.S. 110 (1983)); *FTC v. Magazine Solutions*,

*LLC*, 2007 WL 2815695, at *1 (W.D. Pa. 2007) (same); *FTC v. N.E. Telecomms.* , 1997 WL

599357, at *3 (S.D. Fla. 1997) (same).

In its case against Defendant Abraham, the FTC is acting in the public interest in

attempting to stop a fraudulent telemarketing scheme. Nor is this a situation where the

government's claim has languished for decades. Indeed, the Defendants' scheme was still in

operation when the FTC initiated its action. Therefore Defendant's defense of laches is

unavailable against the FTC as a matter of law.

**B. Defendant's Statute of Limitations Defense Should Be Stricken With Respect to Count I and Count V Because There is No Applicable Statute of Limitations For Those Counts**

A defendant cannot assert a statute of limitations defense against the United States

government unless the statute in question contains an express limitations period. *United States v.*

*Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993) ("In the absence of a federal statute

expressly imposing or adopting one, the United States is not bound by any limitations period.").

In this case, Count I of the FTC's Complaint is brought under Sections 5 and 13(b) of the FTC

Act (15 U.S.C. 45(a) and 15 U.S.C. § 53(b), respectively). Count V of the Complaint is brought

under the Unordered Merchandise Statute (39 U.S.C. § 3009), in conjunction with Sections 5 and

13(b) of the FTC Act. None of these laws contain a statute of limitations. In fact, the express

language of Section 13(b) provides that the FTC may bring suit "whenever" it has reason to believe that a Defendant has violated any provision of law enforced by the Commission. 15 U.S.C. § 53(b); *see also* U.S. *v. Building Inspector of America*, 894 F.Supp. 507, 513-14 (D. Mass. 1995). Since neither 15 U.S.C. 45(a), 15 U.S.C. § 53(b), nor 39 U.S.C. § 3009 contain an express limitation period, Defendant Abraham's Statute of Limitations affirmative defense is thus unavailable as a matter of law with respect to counts I and V.

### C.   Allowing Unavailable Defenses to Stand Would Prejudice the FTC

Allowing Defendant's affirmative defenses to remain in the case would result in time-consuming discovery and motion practice on the issues raised by the defenses, all of which would essentially be pointless since the defenses are deficient as a matter of law. Allowing these defenses to remain will therefore prejudice the FTC "by needlessly lengthening and complicating the discovery process and trial of this matter." *EEOC* v. *Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 174 (E.D.N.Y. 2004) (quoting *SEC* v. *McCaskey*, 56 F. Supp. 2d 323, 326-27 (S.D.N.Y. 1999)).

## IV.   CONCLUSION

In light of the foregoing authority, the FTC respectfully requests that this Court strike Defendant Abraham's affirmative defense of laches with respect to all counts in the Complaint, and strike his affirmative statute of limitations defense for Complaint counts I and V.

Respectfully submitted,

Dated: September 23, 2013                    ____/s/ Paul Spelman_____

Paul B. Spelman
Arturo A. DeCastro
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
Phone: (202) 326-2487
            (202) 326-2747

Fax:  (202) 326-3395
Email:  pspelman@ftc.gov
      adecastro@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**Certificate of Service**

I hereby certify that on September 23, 2013, I filed the foregoing document with the

Clerk of the Court in accordance with the Federal Rules of Civil Procedure, and/or the Eastern

District's Local Rules, and/or the Eastern District's Rules on Electronic Service, and served it on

defendant Jason Abraham by email and U.S. Mail.

/s/ Paul B. Spelman
Paul B. Spelman
Arturo A. DeCastro
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
Phone:  (202) 326-2487
           (202) 326-2747
Fax:     (202) 326-3395
Email:  pspelman@ftc.gov
           adecastro@ftc.gov

Attorney for Plaintiff