FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 31 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

|  |  |
|---|---|
| Federal Trade Commission, ) | |
| ) | Case No. CV-13-0976 |
| Plaintiff, ) | |
| v. ) | Glasser, J./Scanlon, M.J. |
| ) | |
| Instant Response Systems, LLC, a limited liability ) | |
| company, also d/b/a Response Systems, B.B. ) | [Proposed] |
| Mercantile, Ltd., Medical Alert Industrial, and ) | Default Judgment and Order for |
| Medical Alert Services, and ) | Permanent Injunction and |
| ) | Monetary Relief Against Instant |
| Jason Abraham, a/k/a Yaakov Abraham, ) | Response Systems, LLC |
| individually and as an officer of Instant Response ) | |
| Systems, LLC, also d/b/a Response Systems, B.B. ) | |
| Mercantile, Ltd., Medical Alert Industrial, and ) | |
| Medical Alert Services, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.*, and the Unordered Merchandise Statute, 39 U.S.C. § 3009. On February 25, 2013, the Court entered an *ex parte* temporary restraining order ("TRO") with an asset freeze, accounting, and other equitable relief against defendants Instant Response Systems, LLC, and Jason Abraham (collectively, "Defendants") [Dkt. No. 10]. It extended the TRO on March 7 [Dkt. No. 15]. On March 18, 2013, the Court entered a stipulated preliminary injunction [Dkt. No. 19].

On October 16, 2013, the Clerk of the Court entered a default against defendant Instant Response Systems, LLC ("Instant Response Systems"), for failing to appear or otherwise defend this action. The Court, having found defendant Instant Response Systems in default, and the Commission, having moved for entry of default judgment on all counts of the Complaint against defendant Instant Response Systems, **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I.

## FINDINGS

A. This Court has jurisdiction over the subject matter of this case, and has jurisdiction over the defendant Instant Response Systems.

B. Venue in this District is proper.

C. The Commission's Complaint states claims upon which relief may be granted.

D. The activities alleged in the Commission's Complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

E. On February 28, 2013, the Commission properly served defendant Instant Response Systems with process, as required by Federal Rule of Civil Procedure 4.

F. Defendant Instant Response Systems has failed to answer or otherwise defend this action. On October 16, 2013, the Clerk of the Court properly entered a default against defendant Instant Response Systems.

G. Because of defendant Instant Response Systems' default, the allegations in the Commission's Complaint are taken as true.

H. As alleged in Count I of the Commission's Complaint, in numerous instances, defendant Instant Response Systems, in connection with the marketing of medical alert services, has

  falsely represented, directly or indirectly, expressly or by implication, that consumers have ordered, purchased, or agreed to purchase Defendants' medical alert services, and therefore owe money to Defendants. Defendant Instant Response Systems' representations are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

I. Defendant Instant Response Systems is a "seller" and "telemarketer" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2(aa), (cc), and (dd).

J. As alleged in Count II of the Commission's Complaint, in numerous instances, defendant Instant Response Systems, in the course of telemarketing medical alert services, has made false or misleading statements, directly or by implication, to induce consumers to pay for goods or services, including, but not limited to, that consumers have ordered, purchased, or agreed to purchase Defendants' medical alert services, and therefore owe money to Defendants. Defendant Instant Response Systems' acts and practices are deceptive telemarketing acts or practices that violate the TSR, 16 C.F.R. § 310.3(a)(4).

K. As alleged in Count III of the Commission's Complaint, in numerous instances, defendant Instant Response Systems, in the course of telemarketing medical alert services, has used threats or intimidation to coerce consumers to pay Defendants. Defendant Instant Response Systems' acts and practices are abusive telemarketing acts or practices that violate the TSR, 16 C.F.R. § 310.4(a)(1).

L. As alleged in Count IV of the Commission's Complaint, in numerous instances, defendant Instant Response Systems, in connection with the telemarketing of medical alert services, has engaged in, or caused others to engage in, initiating an outbound

telephone call to a person's telephone number on the National Do Not Call Registry in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

M. As alleged in Count V of the Commission's Complaint, in numerous instances, defendant Instant Response Systems, in connection with the marketing of medical alert services, has shipped medical alert pendants to consumers without the prior express request or consent of the recipients, or without identifying the pendants as free samples, thereby violating subsection (a) of the Unordered Merchandise Statute, 39 U.S.C. § 3009, and has mailed to the recipients of such services one or more bills or dunning communications for such services, thereby violating subsections (a) and (c) of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a) and (c). Defendant Instant Response Systems' practices are unfair trade practices that violate Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

N. Absent a permanent injunction, defendant Instant Response Systems is likely to continue to engage in the activities alleged in the Commission's Complaint.

O. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

P. Instant Response Systems shall bear its own costs and attorney fees.

Q. Defendant Instant Response Systems has caused consumer injury in the amount of three million four hundred thirty thousand four hundred sixty two dollars ($3,432,462.00).

R. Entry of this Order is in the public interest.

## II.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. **"Corporate Defendant"** means Instant Response Systems, LLC, also d/b/a Response Systems, B.B. Mercantile, Ltd., Medical Alert Industrial, and Medical Alert Services, and its successors and assigns.

B. **"Established Business Relationship"** means a relationship between a Seller and a person based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a good or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

C. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including any brokerage house or institution, broker-dealer, escrow agent, title company, commodity trading company, credit card processor, payment processor, third party processor, merchant bank, acquiring bank, independent sales organization, payment gateway, insurance company, trustee, or precious metal dealer.

D. **"National Do Not Call Registry"** means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

E. **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

F. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

G. **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

H.     **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## III.

## BAN ON ACTIVITIES RELATING TO MEDICAL ALERT GOODS OR SERVICES

IT IS FURTHER ORDERED that Corporate Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, any medical alert good or service.

## IV.

## PROHIBITION AGAINST MISREPRESENTATIONS

IT IS HEREBY ORDERED that Corporate Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     That consumers have ordered, purchased, or agreed to purchase Defendants' goods or services, and therefore owe money to Defendants; or

B.     Any other fact material to consumers concerning any good or service, such as: the total costs to purchase, receive, or use, and the quantity of, the good or service; any material aspect of the performance, efficacy, nature, characteristics, benefits, or qualities of the good or service; and any material aspect of the nature or terms of any refund, cancellation, exchange or repurchase policy.

## V.

## INJUNCTION CONCERNING UNORDERED MERCHANDISE

IT IS HEREBY ORDERED that Corporate Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

    A.    Sending any merchandise without the prior expressed request or consent of the recipient unless such merchandise is clearly and conspicuously marked as a free sample and has attached to it a clear and conspicuous statement that the recipient may treat the merchandise as a gift and may retain, use, discard, or dispose of it in any manner without any obligation whatsoever to the sender; or

    B.    Sending any communication, including, but not limited to, bills, invoices, reminders, letters, notices, or dunning communications, that in any manner seek to obtain payment for any merchandise shipped without the prior expressed request or consent of the recipient.

## VI.

## PROHIBITIONS REGARDING TELEMARKETING

IT IS HEREBY ORDERED that Corporate Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A. Making false or misleading statements, directly or by implication, to induce consumer to pay for goods or services, including, but not limited to, that consumers have ordered, purchased, or agreed to purchase Defendants' medical alert services, and therefore owe money to Defendants;

B. Using threats or intimidation to coerce consumers to make payment; or

C. Initiating any Outbound Telephone Call to any person at a telephone number on the National Do Not Call Registry, unless Corporate Defendant proves that:

   1. Corporate Defendant has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of Corporate Defendant may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

   2. Corporate Defendant has an Established Business Relationship with such person, and that person has not previously stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of Corporate Defendant.

## VII.

## PROHIBITION ON COLLECTING PAYMENT

IT IS FURTHER ORDERED that Corporate Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise

transferring any right to collect payment for any medical alert good or service, directly or through any third party.

## VIII.

## MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of three million four hundred thirty thousand four hundred sixty two dollars ($3,432,462.00) is entered in favor of the Commission against Corporate Defendant, as equitable monetary relief;

B. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Corporate Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Corporate Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection; and

C. Corporate Defendant must submit its Taxpayer Identification Number to a Commission representative within ten (10) days.

## IX.

## TURNOVER OF ASSETS HELD BY THIRD PARTIES

IT IS FURTHER ORDERED that, in order to partially satisfy the monetary judgment set forth in Section VIII above, any financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, network transaction processor, payment processor, business entity, or person that holds, controls, or maintains custody of any account or asset of Corporate Defendant, or any account or asset held on behalf of, or for the benefit of, Corporate Defendant, or any account or asset frozen pursuant to (a) the *Ex Parte* Temporary Restraining Order with Asset Freeze, Accounting, and Other Equitable Relief, and Order for Defendants to Show Cause Why a Preliminary Injunction Should Not Issue, and (b) the Stipulated Preliminary Injunction, previously entered in this matter, shall turn over such account or asset to the Commission, by wire transfer pursuant to directions provided by counsel for the Commission, or as otherwise agreed to in writing by counsel for the Commission, within ten (10) business days of receiving notice of this Order by any means, including, but not limited to, via facsimile.

The accounts and assets to be turned over to the Commission pursuant to this Section include, without limitation, any funds remaining in Corporate Defendant's accounts held by Bank of America, N.A.; HSBC Bank USA, N.A.; and TD Bank, N.A.

## X.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Corporate Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them,

who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress. If a representative of the Commission requests in writing any information related to redress, Corporate Defendant must provide it, in the form prescribed by the Commission, within 14 days;

    B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Corporate Defendant obtained prior to entry of this Order in connection with the marketing of medical alert goods or services; and

    C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XI.

### ORDER ACKNOWLEDGEMENTS

IT IS FURTHER ORDERED that Corporate Defendant obtain acknowledgments of receipt of this Order:

A. Corporate Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the marketing of goods or services and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Corporate Defendant delivered a copy of this Order, Corporate Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.
## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Corporate Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Corporate Defendant must submit a compliance report, sworn under penalty of perjury. Corporate Defendant must:
1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Corporate Defendant;
2. identify all of Corporate Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

Case 1:13-cv-00976-ILG-VMS Document 62-3 Filed 01/17/14 Page 13 of 16 PageID #: 1298

      3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

      4 describe in detail whether and how Corporate Defendant is in compliance with each Section of this Order; and

      5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Corporate Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in (1) any designated point of contact, or (2) the structure of Corporate Defendant or any entity that Corporate Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Corporate Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Corporate Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: "_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Re:  FTC v. Instant Response Systems, LLC
Matter No. X130045

## XIII.

## RECORDKEEPING

IT IS FURTHER ORDERED that Corporate Defendant must create the following records for 20 years after entry of the Order, and retain each such record for 5 years:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XIV.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Corporate Defendant's compliance with this Order,

A. Within 14 days of receipt of a written request from a representative of the

        Commission, Corporate Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with Corporate Defendant. Corporate Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Corporate Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Corporate Defendant or any individual or entity affiliated with Corporate Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § 49, 57b-1.

### XV.

### LIFTING OF ASSET FREEZE

IT IS FURTHER ORDERED that the freeze on the assets of Corporate Defendant shall remain in effect until the Commission has received the total amount required by Section VIII above, provided, however, that Corporate Defendant may transfer funds to the extent necessary to make all payments required by Section VIII. Upon payment to the Commission of the total

amount required by Section VIII above, the freeze against the assets of Corporate Defendant shall be lifted permanently.

## XVI.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED:

DATED: January 30, 2014           s/ILG
                                             UNITED STATES DISTRICT JUDGE