UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FEDERAL TRADE COMMISSION,

                Plaintiff,

   - against -

INSTANT RESPONSE SYSTEMS, LLC, and
JASON ABRAHAM,

                Defendants.
---------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 00976 (ILG) (VMS)

GLASSER, Senior United States District Judge:

Plaintiff Federal Trade Commission ("FTC") brings this action against Instant Response Systems, LLC ("Instant Response") and Jason Abraham ("Abraham"), alleging the defendants violated § 5(a) of the Federal Trade Commission Act ("FTCA"), codified at 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §§ 310.1–310.9, and the Unordered Merchandise Statute ("UMS"), 39 U.S.C. § 3009. The FTC moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike two affirmative defenses that Abraham asserts in his Answer. The FTC's motion is GRANTED.

## BACKGROUND

The following facts are taken from the FTC's complaint as well as extrinsic documents the Court may consider in ruling on this motion. Abraham created and runs Instant Response Systems, which is located in Brooklyn, New York, and purportedly sells medical-alert devices and services. Complaint dated February 25, 2013 ("Compl.") (Dkt. No. 1) at ¶¶ 6, 12, 26. In 2008, telemarketers working for Instant Response began cold-calling elderly consumers, some of whom are on the National Do Not Call Registry, in order to sell medical-alert devices. Id. at ¶¶ 9–10, 42. Although some consumers declined to buy a device, Instant Response sent it to them anyway or sent letters

1

confirming their purchase, and then billed them for the device. Id. at ¶¶ 18–20. When the consumers returned the unwanted device, did not send payment for it, or refuted the charge, Instant Response threatened the consumers with civil and criminal legal action. Id. at ¶¶ 21–25.

The FTC filed its Complaint on February 25, 2013, seeking injunctive and other equitable relief. Abraham, acting <u>pro se</u>, filed an Answer on July 24, 2013.[1] ("Answer") (Dkt. No. 28). In his Answer, Abraham asserted two affirmative defenses: "One or more of the the [sic] plaintiff's claims are barred by the statute of limitations" and "One or more of the the [sic] plaintiff's claims are barred by latches [sic]." Id. at ¶¶ 11–12.

The FTC moved to strike Abraham's affirmative defenses on September 23, 2013. ("Pl.'s Mot.") (Dkt. No. 47). Abraham filed an opposition to the motion on November 15, 2013. ("Def.'s Opp'n") (Dkt. No. 60). The FTC filed a reply on November 22, 2013. ("Pl.'s Reply") (Dkt. No. 61).

## DISCUSSION

The FTC argues that Abraham's laches defense should be stricken in its entirety because laches does not apply against the government when it is protecting the public interest. Pl.'s Mot. at 4–5. And the FTC argues that Abraham's statute-of-limitations defense should be stricken with respect to Counts I and V, which allege violations of the FTCA and UMS, because those statutes do not have express limitations periods. Id. at 5–6.

**I. Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Before this Court

---

[1] Instant Response never filed an Answer and the Court entered default judgment against it on January 31, 2014. (Dkt. No. 65).

may strike an affirmative defense, the moving party must show that "'(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" McCaffery v. McCaffery, No. 11 CV 703, 2012 WL 3260299, at *5 (E.D.N.Y. Aug. 8, 2012) (quoting Houston v. Manheim-New York, No. 09 Civ. 4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010); accord Trs. of Local 813 Ins. Trust Fund v. Wilner's Livery Serv., Inc., No. 11-CV-3180, 2012 WL 4327070, at *2 (E.D.N.Y. Sept. 19, 2012). The Court evaluates the sufficiency of the defense based solely upon the face of the pleading. Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010); Houston, 2010 WL 744119, at *3.

## II. Analysis

This Court first addresses the timeliness of the FTC's motion. Rule 12 requires that a motion to strike be filed within 21 days of the service of the Answer. FED. R. CIV. P. 12(f)(2). Abraham's Answer was received by the pro se office on July 24, 2013, and docketed the following day, yet the FTC didn't file its motion to strike until almost two months later. The Court, however, may nonetheless entertain the motion because "[t]he authority given the court by the rule to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004); see FED. R. CIV. P. 12(f)(1); UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 458 (E.D.N.Y. 2007); FDIC v. Pelletreau & Pelletreau, 965 F. Supp. 381, 390 (E.D.N.Y. 1997). The Court will therefore consider the FTC's motion, deeming it proper to do so.

The FTC has demonstrated that Abraham's defense of laches is not viable as to any of the counts of the Complaint. "[L]aches is not available against the federal government when it undertakes to enforce a public right or protect the public interest." United States v. Angell, 292 F.3d 333, 338 (2d Cir. 2002) (citing United States v. Summerlin, 310 U.S. 414, 416 (1940) and United States v. Arrow Transp. Co., 658 F.2d 392, 394 (5th Cir. 1981)); accord Cayuga Indian Nation v. Pataki, 413 F.3d 266, 278–79 & n.8 (2d Cir. 2005); FTC v. Bronson Partners, LLC, 2006-1 Trade Cases P 75,171, at *1 (D. Conn. Jan. 25, 2006). The FTC is seeking to enforce laws that protect the public and laches is not applicable. See Bronson Partners, LLC, 2006-1 Trade Cases P 75,171, at *1 (concluding that the FTC was protecting the public interest in an enforcement action under the FTCA). Abraham asserts that this action "which is based upon untruthful complaints by third parties does not 'enforce a public right or protect a public interest.'" Def.'s Opp'n at 4. But he does not provide any legal support for his assertions, beyond his ipse dixit. There are accordingly no disputed questions of law or fact with respect to this affirmative defense, and the FTC would be prejudiced by unnecessary litigation if it were not stricken. TradeWinds Airlines, Inc. v. Soros, 08 Civ. 5901, 2013 WL 6669422, at *2 (S.D.N.Y. Dec. 17, 2013) ("The burden of additional discovery and increasing the duration and expense of litigation can constitute sufficient prejudice."); EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 174 (E.D.N.Y. 2004) ("[T]o permit these defenses to remain would prejudice EEOC 'by needlessly lengthening and complicating the discovery process and trial of this matter.'").

The FTC has also established that Abraham's statute-of-limitations defense is not viable with respect to Counts I and V. "'[C]ourts have long held that the United States is not bound by any limitations period unless Congress explicitly directs otherwise.'"

United States v. Vill. of Island Park, 791 F. Supp. 354, 364 (E.D.N.Y. 1992) (quoting United States v. City of Palm Beach Gardens, 635 F.2d 337, 339 (5th Cir. 1981)); accord Guar. Trust Co. v. United States, 304 U.S. 126, 132 (1938) ("[T]he implied immunity of the domestic 'sovereign,' state or national, has been universally deemed to be an exception to local statutes of limitations where the government, state or national, is not expressly included."); United States v. Dos Cabezas Corp., 995 F.2d 1486, 1489 (9th Cir. 1993) ("In the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period.").

None of the provisions upon which Counts I and V are based have limitations periods. And courts have universally rejected arguments that statutes of limitations from other provisions of the FTCA apply to 15 U.S.C. § 53(b), the provision authorizing the FTC's suit on these counts. See, e.g., FTC v. Dalbey, No. 11-cv-1396, 2012 WL 1694602, at *2–4 (D. Colo. May 15, 2012); FTC v. Ivy Capital, Inc., No. 2:11-CV-283, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011); FTC v. Inc21.com Corp., 745 F. Supp. 2d 975, 1012–13 (N.D. Cal. 2010); United States v. Building Inspector of Am., 894 F. Supp. 507, 513–14 (D. Mass. 1995). Abraham argues that "because neither 15 U.S.C. [sic] 45(a), 15 U.S.C. § 53(b), nor 39 U.S.C. § 3009 contain [sic] an express limitation period, there must be an unexpressed, but implied Statute of Limitations." Def.'s Opp'n at 5. He cites no legal authority for this assertion, and the Court is not aware of any.

Abraham's statute-of-limitations defense remains in play for Counts II through IV, which the FTC has not moved to strike.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendant's affirmative defenses is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
February 11, 2014

/s/
I. Leo Glasser
Senior United States District Judge